## WM. N. FLYNT GRANITE CO. v. DARLING.

(Circuit Court of Appeals, Eighth Circuit. April 12, 1910.)

No. 3,164.

*(Syllabus by the Court.)*

1. WITNESSES (§ 255*)—MEMORANDA—ENTRIES IN TIME BOOKS INCOMPETENT—WITNESS WHO DID NOT MAKE, INCOMPETENT TO VERIFY OR TO TESTIFY FROM.

   A witness who neither made nor saw the entries made in time books, nor verified them at the times of the transactions they record, is incompetent to verify them or to testify from them as memoranda. They are written hearsay, and written hearsay is as incompetent as oral hearsay.

   [Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 874–890; Dec. Dig. § 255.*]

2. CONTRACTS (§ 300*)—CONSTRUCTION—SUBSTANTIAL EVIDENCE—FACTS—CONCLUSIONS.

   D. agreed with a corporation to unload granite from cars that the corporation was to send to a certain station, and the corporation contracted to furnish shipping receipts and schedules of the granite before it arrived. There was a rule and custom of the railway company to charge and collect demurrage on cars not unloaded within 48 hours of their arrival. The corporation was compelled to pay the railway company demurrage on cars not unloaded within the 48 hours, and it sought to recover this amount from D. It had not delivered all the shipping receipts and schedules before the arrival of the granite, but there was neither pleading nor proof that the unloading of all the cars subject to demurrage was delayed by the failure to furnish these receipts and schedules.

   *Held*, there was substantial evidence in support of the cause of action of the corporation.

   [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1372–1381; Dec. Dig. § 300.*]

In Error to the Circuit Court of the United States for the Eastern District of Missouri.

Action by E. W. Darling against the Wm. N. Flynt Granite Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Seneca N. Taylor (S. C. Taylor, on the brief), for plaintiff in error.
Linn R. Brokaw (C. P. Ellerbe, on the brief), for defendant in error.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Before SANBORN and ADAMS, Circuit Judges, and RINER, District Judge.

SANBORN, Circuit Judge.   In January, 1908, E. W. Darling, the plaintiff below, made an agreement with Wm. N. Flynt Granite Company, a corporation, to unload from cars in East St. Louis, to cart to and set all the cut granite in the bank and office building on the north-east corner of Broadway and Pine streets in St. Louis for $18,300. The granite company promised to pay Darling this amount for these services, that the granite should be cut ready for setting, that the company would do any necessary fitting and would furnish shipping receipts and schedules of the stone shipped in advance of its arrival in East St. Louis.   Darling set the granite and then sued the company for a balance due him under the contract and in a second count for damages for delaying him 57 days at an expense of $116 a day in the completion of his work caused by the company's failure to deliver the granite in the time and manner it had agreed to furnish it.   The granite company denied all liability for this delay, and there was a verdict and judgment for $1,160 against it on this second count.   On the trial of this issue of delay the plaintiff below was on the stand with the time books of his employés in his hands.   He had testified that he had been out of the city where the work was being done during the time he claimed that the granite company had caused the delay and the unnecessary expense of his employés for which he was seeking to recover damages, at one time as long as 18 days, and altogether about 80 days, that his foreman, John McBeth, had been present daily and had made the entries in the time books, and that McBeth was in the city where the trial was conducted.   Thereupon counsel for the granite company objected to the competency of Darling to testify to the entries in the time books or from them, and these objections were overruled, and the company excepted.   The objection was well founded.   The witness was not competent to verify entries in the time books or to testify from them as memoranda because he did not make them at the times of the transactions they record, he was not present when many of them were made, he did not verify them at the times they were made, and he did not know whether or not they were correct.   The time books were nothing but written hearsay, and written hearsay is not more competent than oral hearsay.

The plaintiff below covenanted in the contract to unload from the cars in East St. Louis and to cart to the building in St. Louis all the cut granite required for the structure, and the granite company agreed to furnish him with all the shipping receipts and schedules of stone shipped in advance of its arrival in East St. Louis.   The granite company pleaded as a counterclaim that it was compelled to pay and did pay $211 demurrage to the railroad company because the plaintiff did not unload several of the cars within 48 hours of their arrival.   The plaintiff admitted that he undertook to unload the cars, but in his answer denied all the other averments of the defendant relative to this counterclaim, and alleged that if there was any delay beyond the 48 hours it was caused by the defendant.   At the trial the fact was admitted that the defendant paid the railway company in accordance with one of the

established rules and customs of the latter company $211 because some of the cars were not unloaded within 48 hours of their arrival, and there was uncontradicted evidence that some of the railway company's bills for this demurrage were approved by the plaintiff or by his agent, that no demand for this $211 had been made by the defendant before this action was commenced, and that some of the shipping receipts and schedules of the stone were not furnished to the plaintiff before the stone arrived in East St. Louis. It is specified as error that in this state of the case the court instructed the jury to allow the defendant nothing upon this counterclaim. But the rule and custom of the railway company to collect this demurrage was a part of the defendant's contract with the railway company for the transportation of the stone. The plaintiff's agreement to unload the cars meant that he would unload them within a reasonable time under the circumstances of the case and, in view of the familiar rule and custom of the railway company to charge demurrage after 48 hours from the arrival of the cars, the unloading of them after the 48 hours cannot be held, in the absence of extraordinary circumstances presenting some excuse for the delay, to have been an unloading within a reasonable time so as to subject the defendant to this demurrage on account of the delay of the plaintiff and to leave it remediless. The plaintiff did not plead or prove that the delay of the defendant in furnishing some of the shipping receipts and schedules caused his delay in unloading all the cars for which the demurrage was charged, and the position of the court below that there was no substantial evidence in support of this counterclaim cannot be sustained.

The judgment below must, therefore, be reversed. and the case must be remanded to the court below, with directions to grant a new trial.

And it is so ordered.